UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDUARDO GUARCAS MARTIN,

                    Petitioner,

            v.

PAMELA BONDI et al.,

                    Respondents.

CASE NO. 2:26-cv-00749-DGE

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND (DKT. NO. 21)

This case comes before the Court on Petitioner's motion for leave to amend.  (Dkt. No. 21.)  Petitioner filed an initial petition on March 4, 2026.  (Dkt. No. 1.)  Petitioner then filed a "Supplement to Petition for Writ of Habeas Corpus" on March 8, 2026.  (Dkt. No. 15.)  Petitioner then sought leave to file an amended petition later that day.  (Dkt. No. 21.)  The Court set expedited briefing on this motion with Respondents' response due no later than March 10, 2026 at 12:00 p.m. and Petitioner's reply due no later than Wednesday, March 11, 2026 at 12:00 p.m.  (Dkt. No. 22 at 4.)  Respondents filed a response.  (Dkt. No. 25.)  Petitioner did not file a reply.  On March 11, 2026, the parties filed a joint status report indicating Petitioner was

ORDER DENYING PLAINTIFF'S MOTION TO AMEND (DKT. NO. 21) - 1

transferred to Arizona in anticipation of a removal flight to Guatemala.  (Dkt. No. 26.)  At present, it is unclear whether Petitioner remains in the United States.

Typically, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  While courts favor granting leaves to amend, five factors can lead courts to deny such motions: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) [if] the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

Here, the Court finds the proposed amended petition would be futile.  Petitioner seeks to change his theory for habeas relief from a theory under procedural due process, asserting "his parole and DHS ICE supervision was revoked in violation of Due Process," to a theory under substantive due process, asserting "[s]ince the government has continually asked [Petitioner] to act as an informant for the benefit of both the local and federal law enforcement agencies, the government has an obligation under the Fifth Amendment not to" remove him now.  (Dkt. Nos. 1 at 2, 21-1 at 9.)

Petitioner's new theory is based on what is referred to as the "state-created danger doctrine."  In general, the "danger creation exception arises 'when affirmative conduct on the part of the state' places a party in danger he otherwise would not have been in." *Morgan v.*

ORDER DENYING PLAINTIFF'S MOTION TO AMEND (DKT. NO. 21) - 2

*Gonzales*, 495 F.3d 1084, 1093 (quoting *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992)). "The state-created danger doctrine may also be invoked to enjoin deportation." *Id*.

Respondents argues the Court "lacks jurisdiction to enjoin the execution of Petitioner's removal order" and that Petitioner's motion to amend should be denied. (Dkt. No. 25 at 4.) Petitioner does not respond.

As previously identified, the Court questions whether it has jurisdiction to hear Petitioner's state-created danger theory. (*See* Dkt. No. 22 at 3.) In *Morgan*, the habeas petition raising the state-created danger theory was transferred from the district court to the Ninth Circuit based on the district court's lack of jurisdiction. 495 F.3d at 1089. A similar result occurred in a matter filed in the District of Massachusetts. *See Enwonwu v. Chertoff*, 376 F. Supp. 2d 42, 81 (D. Mass. 2005) (district court concluding it lacked jurisdiction to consider a "state-created danger doctrine" claim and transferring habeas petition to Circuit court based on government's motion to transfer). It does not appear such theory is properly before this Court.

Moreover, for the state-created danger exception to apply, a petitioner must allege the government engaged in serious misconduct amounting to "gross negligence [or] deliberate indifference." *Morgan*, 495 F.3d at 1093. In *Morgan*, the petitioner raised a state-created danger claim based on fears that former contacts "would be likely to take their revenge on him for his cooperation with U.S. authorities." 495 F.3d at 1093. The petitioner cooperated with federal officials in a criminal matter, including providing testimony at trial. *Id*. at 1088. The Ninth Circuit dismissed the petitioner's state-created danger theory considering that "nowhere in his brief or petition does he state that either the [federal respondents] or anyone else actually made an explicit promise that he would be granted permanent residence in exchange for his cooperation." *Id*. at 1091. "Because [the petitioner] has not alleged that an actual promise was

ORDER DENYING PLAINTIFF'S MOTION TO AMEND (DKT. NO. 21) - 3

made," petitioner could "not prove that the government's attempt to remove him is in breach of an explicit term of his cooperation agreement." *Id*. Accordingly, the Ninth Circuit concluded "there is no suggestion that the government, in entering into a cooperation agreement with [petitioner] and then seeking to remove him to England, has acted with 'gross negligence and deliberate indifference.'" *Id*. at 1093. There simply was no allegation "the U.S. officials engaged in serious misconduct by either deceiving him or coercing his testimony." *Id*. As a result, "the arguments [the petitioner] has put forth are insufficient to warrant him protection under the state-created danger doctrine[.]" *Id*.

Petitioner here also fails to identify any "gross negligence [or] deliberate indifference" by Respondents. Petitioner identifies no agreement between him and the federal Respondents. Petitioner's proposed amended petition identifies, at most, that a local law enforcement agency, the Seattle Police Department, agreed to help him gain lawful status based on his work as an informant. (Dkt. No. 21-2 at 24, 27.) And although federal officials granted Petitioner deferred action through 2021, Petitioner makes no allegations the federal Respondents made promises about his immigration status. Petitioner identifies no other facts indicating he had any agreement with Respondents or that Respondents made an explicit promise to assist him in granting relief from removal. As presented, the proposed amended petition fails to state a claim establishing Petitioner is entitled to protection under the state-created danger exception.

Accordingly, the Court finds the proposed amended petition is futile. The motion to amend (Dkt. No. 21) is DENIED. The briefing schedule on the operative petition as identified in the Court's March 4, 2026 scheduling order (Dkt. No. 3) remains in place. Alternatively, the Parties should inform the Court whether this matter has become moot.

ORDER DENYING PLAINTIFF'S MOTION TO AMEND (DKT. NO. 21) - 4

Dated this 12th day of March, 2026.

David G. Estudillo
United States District Judge